BIRCHARD B. ALLEN, III　　　　*　IN THE
6065 Watch Chain Way
Columbia, MD 21044, *on*　　　　*　CIRCUIT COURT
*behalf of himself and others*
*similarly situated,*　　　　　　*　FOR

　　　　*Plaintiff,*　　　　　　　*　BALTIMORE CITY

v.　　　　　　　　　　　　　　*　Case No.

SILVERMAN THEOLOGOU LLP　　*
11200 Rockville Pike, Ste. 300
North Bethesda, MD 20852　　　*

　　Serve on:　　　　　　　　*

　　Milt N. Theologou, Esq.　　*
　　11200 Rockville Pike
　　Suite 300　　　　　　　　*
　　North Bethesda, MD 20852,
　　　　　　　　　　　　　　*
　　*Defendant.*
*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Birchard B. Allen, III, ("Plaintiff") on behalf of himself and all others similarly situated and alleges as follows:

### INTRODUCTION

1.　　Plaintiff Birchard B. Allen, III brings this class action seeking redress for the illegal practices of defendant Silverman Theologou LLP in connection with the collection of debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); and the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (the "MCDCA").

2.　　The Plaintiff alleges that the collection practices of Defendant Silverman Theologou LLP violate the FDCPA and the MCDCA. These collection practices include

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6500

1

failing to disclose in communications with the Plaintiff that the communications were with a debt collector and doing business as a collection agency in Maryland without first obtaining the license required by the Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. § 7-101, *et seq.*

3.      Plaintiff and the purported class seek statutory damages, actual damages, attorney's fees, and costs, pursuant to the FDCPA and the MDCPA.

4.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

5.      The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ᴸTIMORE, MD 21202
410-662-6300

to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6.      The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

7.      The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

8.      The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204.

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-682-6500

3

## JURISDICTION AND VENUE

9.      The Circuit Court of Maryland has subject matter jurisdiction over the MCDCA claim pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501. The Circuit Court of Maryland has subject matter jurisdiction over claims brought under the FDCPA pursuant to 15 U.S.C. § 1692k(d) which provides that an action to enforce may be brought in federal court as well in any state court of competent jurisdiction.

10.     The Circuit Court of Maryland has personal jurisdiction over Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-102; 6-103(b)(1) and (2). Silverman Theologou LLP can be served with process in Maryland, is a domestic business entity, and regularly transacts business in Baltimore City as part of its debt collecting activities.

11.     The Circuit Court for Baltimore City is the proper venue pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201(a) & (b) because the Defendant carries on a regular business of debt collecting and providing legal services in Baltimore City. For example, Defendant's website, http://silvermanlegal.com claims "Silverman Theologou LLP's knowledgeable attorney's (sic) represent individuals, start-up companies, large closely held business and public companies **throughout the States of Maryland**, New York, New Jersey, the Commonwealths of Virginia and Pennsylvania and Washington, D.C. ...." (emphasis supplied) A search using the Maryland Judiciary Case Search web page[1] discloses that within the last three years lawyers employed by Defendant have appeared in seventeen lawsuits pending in the District and Circuit Courts of Baltimore City.

## PARTIES

12.     Plaintiff Birchard B. Allen, III is an individual who is a "consumer" as

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
\LTIMORE, MD 21202
410-662-6500

---

[1] http://casesearch.couts.state.md.us/inquiry.

4

defined in 15 U.S.C. § 1692a(3) of the FDCPA, as he is a natural person allegedly obligated to pay any debt, in this case amounts alleged to be due on a SECU Credit Union Open-End Credit Plan that Plaintiff used for, among other things, gasoline purchases, lunch and breakfast purchases, cash withdrawals, payments for dental services, repayment of payday advance loans, and payments for auto repairs. Plaintiff Birchard B. Allen, III is a "person" as that term is defined by the MCDCA because he is a natural person.

13.     Defendant Silverman Theologou LLP is a limited liability partnership formed in Maryland in 2009 under the laws of Maryland. Silverman Theologou LLP is a law firm engaged in the business of using an "aggressive approach" to collect debts alleged to be due another in the State of Maryland, and uses the United States Mail in furtherance of their collection of debts alleged to be due another. For example, Defendant's website, http://silvermanlegal.com claims:

> **Consumer and Commercial Collections**
>
> Silverman Theologou LLP's attorneys, paralegals and other professionals are dedicated to helping our clients maintain customer accounts, collect past due accounts and recapture bad debt. Silverman Theologou LLP, with over 20 years of commercial collection experience, collects client accounts more efficiently, and for a lower fee, than collection agencies or other law firms. Although it is never our intentional to chase away our clients' customers, Silverman Theologou LLP's aggressive approach has produced an excellent rate of return. . . . Our proactive approach to dealing with client collection accounts, superior rate of return and reduced fee structure provides our clients with exception results and value.[2]

14.     Additionally, all email communications from debt collectors at Silverman Theologou LLP include the statement "Silverman Theologou LLP and its employees are Debt Collectors within the meaning of U.S.C. § 1692." (sic).

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6500

---

[2] http://silvermanlegal.com/webpages/practice_areas.html

5

15.   In violation of Maryland law, Defendant Silverman Theologou LLP. has never held an active collection agency license with the State of Maryland, Department of Labor, Licensing and Regulation.

16.   At all relevant times, Silverman Theologou LLP acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff. For example on July 31, 2014, Silverman Theologou LLP sent Birchard B. Allen, III a letter pursuant to Section 1692(g) of the FDCPA wherein it acknowledged that it was a debt collector attempting to collect a debt allegedly owed to or due another. Silverman Theologou LLP uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

17.   At all relevant times Silverman Theologou LLP acted as a "collector" as defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA because it attempted to collect from Plaintiff an alleged debt arising out of a consumer transaction. At all relevant times Silverman Theologou LLP acted as a "person" as defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA because it is a corporation.

18.   At all relevant times Silverman Theologou LLP acted as a "collection agency" as defined by Md. Code Ann. Bus. Reg. § 7-101(c) because it engages directly in the business of collecting for another a consumer claim, in this case on behalf of SECU Credit Union.

## FACTUAL ALLEGATIONS

19.   The Plaintiff allegedly incurred and later allegedly defaulted on a debt to SECU Credit Union. Said alleged debt will hereinafter be referred to as "the subject

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6500

debt."

20.     The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), as it allegedly arose out of a transaction for money, service or property that was primarily for personal, family and/or household purposes. Specifically, the alleged debt relates to an open-end credit plan agreement that provided that "THE PROCEEDS OF ALL ADVANCES SHALL BE USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES."

21.     On or about July 28, 2014, Silverman Theologou LLP was employed by SECU Credit Union to collect the subject debt when the debt was in default.

22.     Defendant SECU Credit Union. attempted to collect the subject debt and, as such engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

23.     Defendant Silverman Theologou LLP contacted the Plaintiff by sending him a letter dated July 31, 2014. As required by 15 U.S.C. § 1692e(11), Defendant Silverman Theologou LLP disclosed in this communication that it was attempting to collect a debt and that any information obtained will be used for that purpose.

24.     Defendant Silverman Theologou LLP failed to comply with the requirements of 15 U.S.C. § 1692e(11) in its subsequent communications with the Plaintiff because it failed to disclose in those subsequent communications that the communication is from a debt collector.

25.     Specifically, a collector employed by Silverman Theologou LLP named Donald "Mike" Everett left voice messages for the Plaintiff on August 5, 12, 14, 22 and 26, 2014 that did not include the disclosure required by 15 U.S.C. § 1692e(11) that the communication was with a debt collector.

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-8500

26.    Similarly, Donald "Mike" Everett has placed two calls to undersigned counsel's office and during each call failed to provide the disclosure required by 15 U.S.C. § 1692e(11) that the communication was with a debt collector.

27.    Defendant Silverman Theologou LLP failed to comply with the requirements of Md. Code Ann. Bus. Reg. § 7-301(a) because it was acting as a collection agency in its dealings with the Plaintiff but did not hold the collection agency license required by MCALA, as confirmed by a search of the Maryland Department of Labor, Licensing and Regulation Financial Regulation Public Query website. Undersigned counsel also sent Defendant a letter dated August 26, 2014, asking "Does your firm have a debt collection license from my client's state?" Defendant provided a letter in response that did not answer this question. Undersigned counsel also placed a follow-up telephone conversation with Jason Ordene, Esq., to ask for an explanation as to why the Defendant was not properly licensed, but as the date this lawsuit was filed Mr. Ordene has yet to return that telephone call.

28.    Defendant Silverman Theologou LLP is a law firm, not a solo lawyer practitioner, and is not otherwise exempt from the licensing requirements of MCALA.

29.    Defendant Silverman Theologou LLP employs at least one person who is not licensed to practice law and who primarily makes contact with a debtor to collect or adjust a debt through a procedure identified with the operation of a collection agency. According to the Defendant's webpage it employes "ten full-time professional and administrative employees" at least one of whom regularly acts as a debt collector.

30.    This conduct by the Defendant violates the FDCPA at §1692e(5), § 1692e(11) and § 1692f(1) which prohibit:

LAW OFFICES OF
DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6500

8

## § 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

## § 1692f. Unfair Practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31.   In failing to obtain and maintain a collection agency license, the Defendant also violated Md. Code Ann., Com. Law § 14-202(8) because its actions constituted a "[c]laim, attempt, or threat[ ] to enforce a right with knowledge that the right does not exist." *Id.* § 14–202(8).

32.   As a result of the Defendant's acts, Plaintiff and the class he seeks to

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6500

9

represent have suffered actual damages including being coerced into paying funds to Defendant when Defendant was not legally authorized to act as a debt collection agency in Maryland.

## CLASS ALLEGATIONS

33.     Plaintiff brings this action on behalf of a two classes consisting of the following:

a)     MCDCA class — all natural persons who at any time within three years prior to the filing of this lawsuit were subject to any consumer debt collection activities undertaken by Defendant; and

b)     FDCPA class — all natural persons who at any time within one year prior to the filing of the lawsuit were subject to any debt collection activities undertaken by Defendant.

34.     The identities of all class members are readily ascertainable from the records of Defendant.

35.     Excluded from the class are all managers and directors of Defendants and members of their immediate families, and legal counsel for either side and all members of their immediate families.

36.     This action has been brought and may properly be maintained as a class action pursuant to the provisions of Rule 2-231 of the Maryland Rules of Civil Procedure because there is a well-defined community of interest in the litigation:

a.     *Numerosity:* The class is so numerous that joinder of all members is impractical. On information and belief there are likely several hundred members in the two sub classes. A recent review of the Maryland Judiciary Case Search District

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6800

Court of Maryland court records discloses in excess of three hundred "contract" lawsuits have been litigated by Defendant within three years prior to the filing of this lawsuit. Presumably there are additional class members who were subject to collection activities but have not yet been sued by Defendant.

        b.    **_Common Questions Predominate:_** There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The principal issues are:

        i.    Whether Defendant has acted as a collection agency in Maryland.

        ii.    Whether Defendant has failed to obtain a Maryland Collection Agency license.

        iii.    Whether a failure to obtain a Maryland Collection Agency license renders the collection lawsuits filed by Defendant a nullity.

        iv.    Whether a failure to obtain a Maryland Collection Agency license requires the Defendant to disgorge all monies collected from members of the class;

        v.    Whether a failure to obtain a Maryland Collection Agency license entitles members of the class to an award of statutory damages under the FDCPA;

        vi.    Whether Defendant threatened action or took action in attempts to collect consumer debt without the right to threaten or take the action given that it failed to obtain a Maryland Collection Agency license; and

        vii.    Whether Defendant failed to properly train, monitor, and

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6500

11

otherwise ensure that its debt collectors complied with the disclosure requirements established by 15 U.S.C. § 1692e(11).

      c.     **_Typicality:_** Plaintiff's claims are typical of the claims of the members of the plaintiff class. Plaintiff and all members of the plaintiff class have claims arising out of Defendant's common course of conduct complained of herein.

      d.     **_Adequacy:_** Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff is committed to vigorously litigate this matter. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither Plaintiff nor Plaintiffs counsel have any interests which might cause them not to vigorously pursue this claim.

      e.     **_Superiority:_** A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual class member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

      37.     Certification of the class under Rule 2-231(b)(3) of the Maryland Rules of

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6500

Civil Procedure is also appropriate in that:

      a.     The questions of law and fact common to the members of the class predominate over any questions affecting an individual member.

      b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violation of the Fair Debt Collection Practices Act**

38.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

39.     In its attempts to collect the aforementioned subject debt and other debts of the members of the class the Plaintiff seeks to represent, Defendant materially violated § 1692e(11) of the FDCPA by failing to disclose in numerous communications with the Plaintiff and the class he seeks to represent that the communications were with a debt collector.

40.     In its attempts to collect the aforementioned subject debt and other debts of the members of the class the Plaintiff seeks to represent, Defendant materially violated § 1692e(5) of the FDCPA because it threatened to undertake and actually undertook collection activities, including the filing of a collection lawsuits, when it did not hold the collection agency license required by MCALA and therefore was not legally permitted to take such action.

41.     In its attempts to collect the aforementioned subject debt and other debts of the members of the class the Plaintiff seeks to represent, Defendant materially violated §1692f(1) of the FDCPA because it attempted to collect amounts from the Plaintiff and the class he seeks to represent when it did not hold the collection agency

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6500

13

license required by MCALA and therefore its collection activities were not permitted by law.

42.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff and the class he seeks to represent are entitled to actual and statutory damages.

## COUNT II
### Violation of the Maryland Consumer Debt Collection Act

43.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

44.    In its attempts to collect the aforementioned subject debt and other debts of the members of the class the Plaintiff seeks to represent, Defendant materially violated § 14-202(8) of the MCDCA because it claimed that it had the right to pursue collection activity, threatened to pursue collection activity and ultimately attempted to bring a collection lawsuit with knowledge that it was not permitted to engage in this collection activity because it did not hold the collection agency license required by MCALA and therefore was not legally permitted to undertake any collection activity.

45.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff and the class he seeks to represent are entitled to actual damages.

WHEREFORE, Plaintiff, respectfully requests the following relief:

a.    An order certifying this lawsuit as a class action, appointing the Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-682-6500

b.    An order and judgment requiring Defendant to return to the Plaintiff and the Class all monies collected based upon its failure to obtain and maintain a Maryland Collection Agency license, an amount currently estimated to be in excess of $75,000.00;

c.    A judgment for statutory damages in the amount required by to 15 U.S.C. §

14

1692k(a)(2)(A), currently estimated to be in excess of $30,000.00;

    d.    A judgment awarding Plaintiff his costs of litigation and a reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    e.    An order for such other and further relief as may be just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Dated: September 11, 2014        Respectfully Submitted,

E. David Hoskins, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
davidhoskins@hoskinslaw.com

Max. F. Brauer, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
maxbrauer@hoskinslaw.com

LAW OFFICES OF
. DAVID HOSKINS
16 E. LOMBARD ST.
SUITE 400
ALTIMORE, MD 21202
410-662-6500